E-FILED
Wednesday, 03 December, 2014  10:23:41 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM A. BALLENTINE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 14-1246-MMM-JEH |
| | ) |
| BRIAN ASBELL and SEVERAL UNKNOWN PEORIA COUNTY JAIL EMPLOYEES, | ) |
| | ) |
| Defendants. | ) |

### MERIT REVIEW ORDER

**MICHAEL M. MIHM, U.S. District Judge:**

This cause is before the Court for a merit review, pursuant to 28 U.S.C. § 1915A, of Plaintiff William A. Ballentine's claims.

### I.
### MERIT REVIEW UNDER 28 U.S.C. § 1915(A)

Under 28 U.S.C. § 1915(e)(2) and § 1915A, the Court is required to carefully screen a complaint filed by a plaintiff who seeks to proceed in forma pauperis. The Court must dismiss a complaint, or a portion thereof, if the plaintiff has raised claims that are legally "frivolous or malicious," that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *Id*. The test for determining if an action is frivolous or without merit is whether the plaintiff can make a rational argument on the law or facts in support of the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim for relief if the complaint does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

1

In reviewing the complaint, the Court accepts the factual allegations as true and liberally construes them in plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient. Fed. R. Civ. P. 8; *Schatz v. Republican State Leadership Comm.,* 669 F.3d 50, 55 (1st Cir. 2012) (holding that, in order to determine if a complaint states a plausible claim, the court must take non-conclusory, non-speculative facts as true, draw all reasonable inferences in the pleader's favor, and isolate and ignore statements that simply rehash claim elements or offer only legal labels and conclusions). Instead, sufficient facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (internal quotation omitted).

## II.
## ANALYSIS

From March 5, 2014, through April 15, 2014, Plaintiff William A. Ballentine was a federal inmate who was being housed at the Peoria County Jail awaiting a transfer to a United States Bureau of Prison's facility. Ballentine claims that he informed the officials at the Peoria County Jail several times that the showers at the Jail were uneven and that, because the showers were uneven, water was pooling at the shower's entrance and was making the entrance very slippery. However, the Jail officials did nothing to fix the problem

On April 1, 2014, Ballentine slipped and fell as he was exiting the shower. Ballentine sustained injuries as a result of his fall that required medical attention. Ballentine has filed the instant suit alleging that Defendants were deliberately indifferent to his safety based upon the conditions of his confinement in violation of his constitutional rights.

The United States Supreme Court has made clear that "[t]he Eighth Amendment does not outlaw cruel and unusual 'conditions;' it outlaws cruel and unusual 'punishments.'" *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). This means that "an official's failure to alleviate a

significant risk that he should have perceived but did not, while no cause for commendation, cannot . . . be condemned as an infliction of punishment." *Id*. at 838. Accordingly, "a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837.

This type of deliberate indifference "implies at a minimum actual knowledge of impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *Duckworth v. Frazen*, 780 F.2d 645, 653 (7th Cir. 1985). "[M]ere negligence or even gross negligence does not constitute deliberate indifference," *Snipes v. DeTella*, 95 F.3d 586, 590 (7th Cir. 1996), and it is not enough to show that a prison official merely failed to act reasonably. *Gibbs v. Franklin*, 49 F.3d 1206, 1208 (7th Cir. 1995), *abrogated on other grounds, Haley v. Gross*, 86 F.3d 630, 641 (7th Cir. 1996).

In the instant case, Ballentine has failed to allege sufficiently that the conditions of his confinement at the Peoria County Jail were such that they violated his constitutional rights. "[R]outine discomfort is part of the penalty that criminal offenders pay for their offenses against society," and so, "extreme deprivations are required to make out a conditions-of-confinement claim." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992)(internal quotations omitted). Indeed, "the Constitution . . . does not mandate comfortable prisons." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). If prison conditions are merely "restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." *Rhodes v. Chapman*, 452 U.S. 349 (1981). Thus, prison conditions rise to the level of an Eighth Amendment violation only when

3

they "involve the wanton and unnecessary infliction of pain." *Id*. at 347; *Jackson v. Duckworth,* 955 F.2d 21, 22 (7th Cir. 1992)(objective component met where prison conditions were "so strikingly reminiscent of the Black Hole of Calcutta"); *Harris v. Fleming,* 839 F.2d 1232, 1235 (7th Cir. 1988)(holding that prisoners cannot expect the "amenities, conveniences, and services of a good hotel.").

Ballentine may have alleged that the Jail officials were negligent, but he has not stated a claim for deliberate indifference in violation of his Eighth Amendment rights. The fact that the showers had pooling water and was slippery is not enough to state a deliberate indifference claim, especially in a situation where Ballentine was aware of the potential hazard and could have avoided it.

As one district court has succinctly stated:

> Put simply, the condition about which petitioner complains, a wet and slippery floor in the day room, cannot be characterized as a prison condition that is sufficiently serious to require protection under the Eighth Amendment regardless what the source was of the water that caused the condition. A slippery floor is a common place for injuries to occur. It is a safety hazard to which the general public is exposed on a daily basis and amounts to negligence at most rather than a danger of constitutional proportion. *See, e.g., LeMaire v. Maass,* 12 F.3d 1444, 1457 (9th Cir. 1993)(holding that "slippery prison floors . . . do not state even an arguable claim for cruel and unusual punishment"); *see also Snipes v. Detella,* 95 F.3d 586, 592 (7th Cir. 1996)("an inch or two" of accumulated water in the shower not " 'an excessive risk to inmate health or safety'" (quoting *Farmer v. Brennan,* 510 U.S. 825, 838 (1996)). Because negligence alone is not enough to support a claim of deliberate indifference, *Daniels v. Williams,* 474 U.S. 327 (1986); *Farmer,* 511 U.S. at 837, petitioner will be denied leave to proceed against respondents.

*Smith v. Smith*, 2009 WL 441269, * 2 (W.D. Wis. Feb. 23, 2009).

**IT IS, THEREFORE, ORDERED:**

1. Plaintiff William A. Ballentine's motion to amend complaint [5] is GRANTED, and the Court's merit review is of Plaintiff's Amended Complaint.

4

2.	Plaintiff William A. Ballentine's Complaint is dismissed for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915A. Any further amendment to the Complaint would be futile because Plaintiff's claim is not cognizable.

3.	This dismissal shall count as one of Plaintiff's three allotted "strikes" pursuant to 28 U.S.C. § 1915(g).

4.	If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal in forma pauperis should set forth the issues he plans to present on appeal. Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee regardless of the outcome of the appeal.

**5.	This case is, therefore, closed, and the clerk is directed to enter a judgment pursuant to Federal Rule of Civil Procedure 58. The Clerk of the Court is directed to record Plaintiff's strike in the three-strike log. All pending motions are DENIED as moot.**


ENTERED this   3rd   day of December, 2014


                                                 s/ Michael M. Mihm
                                               MICHAEL M. MIHM
                                      UNITED STATES DISTRICT JUDGE